# 2000 DTA 121

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

ALBERTO MARIN CASTRO
Peticionario

Núm. KLCE-99-01316

San Juan, Puerto Rico, a 29 de febrero de 2000

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano,
la Juez Feliciano Acevedo y el Juez Aponte Jiménez

Aponte Jiménez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El peticionario, Alberto Marín Castro, solicita que revisemos la resolución del Tribunal de Primera Instancia de 12 de octubre de 1999 que declaró sin lugar su moción mediante la cual solicitó que se eliminara la declaración de reincidencia habitual imputada por el fiscal y se modificara la pena impuesta de conformidad. Alega ante nos que el tribunal recurrido se equivocó al condenarlo a separación permanente de la sociedad basado solamente en la alegación de reincidencia habitual formulada por el Ministerio Público y sin celebrarle una vista para poder determinar la pena máxima a imponer tomando en consideración la naturaleza y circunstancias de los delitos anteriores y las posibilidades para rehabilitarse. Por los fundamentos que a continuación exponemos, se deniega el recurso solicitado.

Luego de ser hallado culpable por un jurado por los delitos de escalamiento agravado y apropiación ilegal en el grado de tentativa, se le sentenció como delincuente habitual. El tribunal le impuso una pena de noventa y nueve (99) años naturales de reclusión. Ello así, en vista de que el Ministerio Público alegó previamente que había sido convicto y sentenciado por los delitos de escalamiento agravado, daño agravado y apropiación ilegal

de vehículo, todos graves y cometidos con anterioridad. De los autos no surge que ello se haya negado por el peticionario.

Inconforme con la sentencia del tribunal recurrido, acudió en apelación ante este Tribunal. Entre los señalamientos de error, levantó entonces que la pena era extremadamente alta, por lo que atentaba contra la cláusula constitucional que prohibe los castigos crueles e inusitados. Dicho planteamiento fue rechazado. En sentencia de 21 de abril de 1998, una Tríada de este Foro determinó que no viola la cláusula contra castigos crueles e inusitados contenida en el Artículo II, Sección 12 de la Constitución del Estado Libre Asociado de Puerto Rico el imponer a los delincuentes habituales una penalidad mayor. Véase, *El Pueblo de Puerto Rico v. Alberto Marín Castro*, Núm. KLAN-98-00382, Circuito Regional I, Sentencia de 21 de abril de 1998, López Vilanova, Juez Ponente. Establecido recurso de *certiorari* ante el Tribunal Supremo de Puerto Rico para que revisara el aludido dictamen, señaló ante dicho Foro que el Tribunal de Circuito de Apelaciones confirmó el veredicto en su contra emitido por mayoría de 9 a 3 en lugar de por unanimidad. El Tribunal Supremo se negó a revisar.

Posteriormente, compareció nuevamente ante el tribunal *a quo*. Presentó una moción de corrección de sentencia al amparo de la Regla 185 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 185. Expuso que se le había aplicado los Artículos 61 y 62 del Código Penal, 33 L.P.R.A. secs. 3301 y 3302, según enmendados, de forma automática sin considerar individualmente y de forma particular la naturaleza y circunstancias de los delitos anteriores y su posibilidad de rehabilitación. Solicitó que se le concediera una vista en la que se evaluaran estas consideraciones y se revisara la imposición automática de la reincidencia habitual.

El tribunal recurrido la declaró sin lugar. En su resolución afirmó que no había forma legal de evitar la imposición de la pena impuesta por reincidencia habitual. En desacuerdo, solicitó reconsideración. Se basó en la discreción del tribunal para imponer la pena y la inconstitucionalidad de los artículos aplicados al coartar esa discreción. Dicha moción le fue denegada.

De esa determinación, recurre ante este Tribunal mediante recurso de *certiorari*. Como única cuestión de derecho, plantea que incidió el tribunal sentenciador al condenarlo a una separación permanente de la sociedad de forma automática, en atención de la alegación de reincidencia habitual hecha por el Ministerio Fiscal, sin considerar *motu proprio* la justicia de tal pena en base al mandato constitucional de proporcionalidad fundamentado en una interpretación de la ley que viola la separación de poderes. No tiene razón el peticionario.

El Ministerio Público le imputó el delito de escalamiento agravado. Alegó en su contra, el grado de reincidencia habitual por haber sido previamente convicto y sentenciado por: (1) infringir el Artículo 171 del Código Penal, 33 L.P.R.A. sec. 4277, (escalamiento agravado), por lo que fue sentenciado a ocho (8) años de reclusión el 13 de septiembre de 1992; (2) infringir el Artículo 18 de la Ley 8 de 5 de agosto de 1987, conocida como Ley para la Protección Vehicular, 9 L.P.R.A. sec. 3217, apropiación ilegal de vehículos, siendo sentenciado a cumplir dos (2) años de prisión el 25 de septiembre de 1990; y (3) por infringir el Artículo 180 del Código Penal, 33 L.P.R.A. sec. 4285, (daño agravado), por lo que fue condenado a dos (2) años de prisión el 17 de noviembre de 1992. Según lo alegado, dichas sentencias advinieron finales y firmes y no han sido revocadas ni dejadas sin efecto y el peticionario no ha sido objeto de indulto por el Gobernador. Convicto por el nuevo delito, el foro recurrido le impuso una pena de 99 años de prisión por razón de ser un reincidente habitual. Dicha pena conlleva la separación permanente de la sociedad.

Según el Código Penal, la reincidencia consiste de diversas unidades de conducta delictiva previas por delito grave que han sido juzgadas separadamente. Constituye un agravante de responsabilidad penal que tiene efecto sobre la gravedad de la pena. Al establecer la reincidencia, entra en juego únicamente para los efectos de la imposición de una pena mayor. Hay reincidencia cuando la persona que ha cometido un delito grave incurre nuevamente en otro delito grave.

En su Artículo 61 (33 L.P.R.A. sec. 3301), el Código dispone las circunstancias que activan la determinación del grado de reincidencia habitual alegada al peticionario. Establece que:

*"(a)...*

*(1)...*

*(2)...*

*(3) Habrá reincidencia habitual cuando el que ha sido convicto y sentenciado por dos o más delitos graves cometidos en tiempos diversos e independientes unos de otros, cometiere, posteriormente, cualquiera de los siguientes delitos o sus tentativas ... [e]scalamiento agravado, apropiación ilegal agravada de vehículos de motor, o sus partes, incendio agravado, sabotaje de servicios públicos esenciales, fuga."* (Énfasis suplido.) Para la determinación del grado de reincidencia, se requiere, entre otras, que no hayan transcurrido diez (10) años desde que la persona terminó de cumplir sentencia por el delito anterior, excepto que cuando se trata de delitos de la misma especie, el término se aumenta a quince (15) años. *Id.*, Art. 61, *supra*.

Los efectos del grado de reincidencia habitual están contemplados en el Artículo 62(c) del Código, 33 L.P.R.A. sec. 3302(c). El mismo dispone, en lo pertinente, que *"en caso de reincidencia habitual, el convicto será declarado por el tribunal delincuente habitual y será sentenciado a separación permanente de la sociedad mediante reclusión perpetua."* La Ley Núm. 32 de 27 de julio de 1993 que enmendó el Artículo 62, *supra*, el cual a su vez había derogado el anterior Art. 74 mediante la Ley Núm. 34 del 31 de mayo de 1988, eliminó la disposición en cuanto a que una vez el convicto haya cumplido treinta (30) años naturales de reclusión, quedaría bajo la jurisdicción de la Junta de Libertad bajo Palabra. Al establecerse en la exposición de motivos de la Ley Núm. 32 que *"Esta medida excluye del beneficio de libertad bajo palabra la reincidencia agravada por la comisión de ciertos delitos violentos y la reincidencia habitual con el propósito de separar de la sociedad aquellas personas cuya tendencia criminal no ha cedido a pesar de las sanciones y del esfuerzo del Estado por rehabilitarlo"*, quedó plasmada la intención del legislador en el sentido de que un convicto sentenciado como delincuente habitual no tiene tampoco derecho al beneficio de libertad bajo palabra.

En *Pueblo v. Reyes Morán*, 123 D.P.R. 786, 797, (1989) una mayoría del Tribunal Supremo compuesta de cinco (5) jueces evaluó la trayectoria del Artículo 74 del Código Penal, 33 L.P.R.A. sec. 3375, sobre el delincuente habitual, según derogado y sustituido por la Ley Núm. 34 del 31 de mayo de 1988, *supra*. Se resolvió que no viola la cláusula contra castigos crueles e inusitados contenida en el Artículo II, Sec. 12 de la Constitución del Estado Libre Asociado de Puerto Rico, el imponer a los delincuentes habituales una penalidad mayor. Expresó el Tribunal Supremo que la intención del legislador, expresada de conformidad con su facultad para ello, fue que en la aplicación del Artículo 74, hoy sustituido por el 62, que se le impusiera la pena prescrita al acusado cuya conducta resultara acorde con la definición establecida. Indicó, además, que la imposición de dicha pena depende únicamente de un hecho objetivo; la existencia de convicciones anteriores y no de una evaluación fáctica adicional de la personalidad o las características del delincuente habitual. Por el contrario, lo relevante es la existencia de dos (2) o más convicciones previas y la identidad del acusado. *Pueblo v. Reyes Morán*, pág. 807.

En conclusión, una vez se demuestra la existencia de convicciones previas, procede la aplicación del Artículo 61. El mismo ordena que se dicte sentencia de acuerdo con los parámetros establecidos en su texto. No se requiere la celebración de una vista para permitirle al acusado rebatir la imposición de la pena en el grado de reincidencia. Es decir, una vez el tribunal determina que fueron probadas las convicciones anteriores, procede el señalamiento de que se trata de un delincuente habitual y la imposición de una condena, de conformidad con los términos dispuestos. Debemos señalar que a diferencia de los Artículos 68 y 69 del Código Penal, 33 L.P.R.A. secs. 3353 y 3354, que proveen para la preparación de informes psiquiátricos, sociales y psicológicos y una vista en la que el acusado puede controvertirlos cuando el tribunal va a imponer una medida de seguridad, el

actual estado de derecho no provee para la celebración de una vista cuando se va a imponer una penalidad adicional por reincidencia habitual.

Actuó correctamente el tribunal *a quo* al determinar que no procedía revisar la sentencia y celebrar vista para examinar la imposición de la pena impuesta bajo las circunstancias atinentes. Es un principio ampliamente conocido que cuando la ley es clara y libre de toda ambigüedad, debe atenderse de acuerdo al mandato legislativo. La sentencia, a tenor del Artículo 62, se impuso dentro de los parámetros que dispone el Artículo 61 para la determinación de la reincidencia habitual del peticionario al considerar las convicciones y sentencias previas y la comisión y convicción ulterior del delito de escalamiento agravado. Lo contrario equivaldría a evadir la facultad y autoridad de la Asamblea Legislativa.

Por los fundamentos expuestos, se deniega el auto de *certiorari* solicitado.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General